UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE MARIE PIERSON,

    Plaintiff,

v.

    Case No. 1:20-cv-253

COMMISSIONER OF SOCIAL
SECURITY,

    Hon. Hala Y. Jarbou

    Defendant.
_____/

# ORDER

In November 2016, Plaintiff Jamie Marie Pierson applied to Defendant Commissioner of Social Security for Supplemental Security Income (SSI). Her application was denied. Pierson requested a hearing before an Administrative Law Judge (ALJ) to review her denial. On December 13, 2018, the ALJ issued a decision finding that Pierson was not disabled from the time she applied for SSI through the ALJ's decision. Pierson sought review of the ALJ's decision from the Appeals Council. In February 2020, the Appeals Council denied her request for review.

Pierson now brings this civil action seeking judicial review of her application denial. (Compl., ECF No. 1.) The matter was referred to a magistrate judge, who produced a Report and Recommendation (R&R) recommending that the Commissioner's decision be affirmed and that the Court deny Pierson's request for a "sentence six remand." (ECF No. 17, PageID.890.) Before the Court are Pierson's timely objections to the R&R. (ECF No. 18.) They will be denied.

## I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Analysis

The underlying issue is this: Pierson suffers from lower back pain, which she claims is disabling, and has undergone two surgeries to address her problem. One surgery occurred in February 2015, which the ALJ considered in deciding that Pierson was not disabled. The other occurred in June 2019, which was not considered by the ALJ because the surgery was performed after the ALJ had rendered his decision on December 13, 2018. Pierson says that the second surgery revealed "direct physical evidence of nerve root impingement[.]" (Pl.'s Objs., PageID.901.) This is significant, Pierson says, because the ALJ considered the February 2015 surgery to "have been relatively successful" when the second surgery revealed that it was in fact "a failed procedure." (*Id.*)

Pierson therefore presented the June 2019 surgery to the Appeals Council as new evidence of her disability that would justify review of the ALJ's decision. The Appeals Council refused to consider the evidence, stating that the second surgery "does not relate to the [pre-December 13, 2018] period at issue." (*Id.*, PageID.902 (internal quotation marks omitted).) According to Pierson, the Appeals Council failed to understand the relevance of the June 2019 surgery to her case. She casts this as an error purely legal in nature. (*Id.*)

It is on these grounds that Pierson seeks remand and objects to the R&R: the Appeals Council committed a purely legal error which, under *de novo* review,[1] should result in remand to

---

[1] The typical standard of review for administrative decisions in SSI cases "affords . . . considerable latitude" to the decision maker. (R&R, PageID.891.)

the ALJ for consideration of the second surgery. But that assumes the action taken by the Appeals Council is subject to judicial review at all. The R&R concluded that the Appeals Council's refusal to review the ALJ decision was beyond review. (*Id.*, PageID.895 (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("When the appeals council denies review, the decision of the ALJ becomes the final decision of the Secretary.")).) Pierson disagrees.

The Sixth Circuit has not decided "whether the Court can correct a regulatory violation which occurs during the process of Appeals Council Review." *Marks v. Colvin*, No. 2:15-cv-0550, 2016 WL 233177, at *3 (S.D. Ohio Jan. 20, 2016), *R&R adopted*, 2016 WL 814982 (S.D. Ohio Mar. 2, 2016). Surveying decisions from other appellate courts, the court in *Marks* concluded that "procedural errors made by the Appeals Council can, if they are apparent from the record, sometimes be corrected by a reviewing Court." *Id.* at *4.

The Eastern District of Michigan found otherwise. *Brennan v. Comm'r of Soc. Sec.*, No. 18-10766, 2019 WL 1647798, at *23 (E.D. Mich. Mar. 25, 2019), *R&R adopted*, 2019 WL 1619880 (E.D. Mich. Apr. 16, 2019). Reviewing Sixth Circuit precedent, the *Brennan* court noted that the Sixth Circuit had never "address[ed] the precise issue," but had previously made a "blanket statement that denial orders are unreviewable" and that the ruling "does not appear to admit of exceptions." *Id.* at *23 (citing *Meeks v. Sec'y of Health & Hum. Servs.*, 996 F.2d 1215, 1993 WL 216530, at *1 (6th Cir. 1993) (Table)); *see also Smith v. Comm'r of Soc. Sec.*, No. 2:12-cv-12160, 2013 WL 5243448, at *16 (E.D. Mich. Sept. 18, 2013) ("Circuit precedent suggest that a federal court lacks jurisdiction to review an Appeals Council decision denying a claimant's request to review an ALJ's decision."). The Sixth Circuit "has even applied this holding [of non-reviewability] to reject the argument that the Appeals Council violated a claimant's due process rights by allegedly failing to review his objections to the ALJ's decision." *Brennan*, 2019 WL

3

1647798, at *23 (citing *Willis v. Sec'y of Health & Hum. Servs.*, 47 F.3d 1172, 1995 WL 31591, at *2 (6th Cir. 1995) (Table)).

The *Brennan* court concluded that an Appeal Council's purported failure to recognize the relevance of new evidence was not subject to judicial review. *Id.* at *22, *24. The Court is persuaded by *Brennan*: it cannot review the Appeal Council's conclusion that the June 2019 surgery constituted irrelevant evidence. Pierson's objection on this point is denied.

Without review of the Appeal Council's decision, Pierson's objections have no leg to stand on. After deciding review was limited to the ALJ decision, the R&R examined whether the Court should nevertheless remand this matter to the ALJ to consider the June 2019 surgery as new evidence. Such remand is permissible when the evidence in question is new, material, and there is good cause why the evidence was not previously raised. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The R&R concluded that Pierson failed in her burden of showing materiality. (R&R, PageID.896 (citing *Hollon ex rel. Comm'r of Soc. Sec.*, 447 F.3d 447, 483 (6th Cir. 2006) (plaintiff bears burden of demonstrating materiality)).) Pierson does not object to this conclusion. In sum, Pierson appeals a decision that is not subject to review and otherwise fails to object to the R&R's recommendation that her request to remand be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 18) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 17) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

A judgment will enter consistent with this order.

Dated: June 25, 2021

/s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE